IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV352

KENNETH D. BELL, in his capacity as a )
court-appointed Receiver for Rex Venture Group, )
LLC d/b/a ZeekRewards.com, )
 )
    Plaintiff, )
 )
v. )
 ) ORDER
 )
HOWARD N. KAPLAN, )
 )
    Defendant. )
_____)

This matter is before the Court upon the Receiver's Motion to Reconsider Dismissal of Claim for Aiding and Abetting Breach of Fiduciary Duty. In its Order of February 29, 2016 (Doc. No. 18), the Court denied Defendant Kaplan's Motion to Dismiss except as to the Receiver's claim for aiding and abetting breach of fiduciary duty. In so holding, the Court noted that North Carolina does not recognize such a claim and that Nevada law (where RVG was incorporated) is inapplicable given that the internal affairs doctrine only applies to relationships among or between the corporation and its current officers, directors, and shareholders. As Mr. Kaplan was not an officer, director, or shareholder of RVG, the Court concluded that the internal affairs doctrine would not operate to invoke Nevada law.

A party may seek reconsideration of an interlocutory order only "to correct manifest errors of law or fact or to present newly discovered evidence." *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004). "Motions to reconsider are not proper where the motion

merely asks the court to rethink what the Court had already thought through—rightly or wrongly." *Id*. (citations and quotations omitted).

The Receiver argues that the Court should change its mind, as the claim for aiding and abetting breach of fiduciary duty should be governed by the law of the state that governs the underlying breach of fiduciary duty. The Court disagrees. Accordingly,

IT IS THEREFORE ORDERED that the Receiver's Motion to Reconsider is hereby DENIED.

Signed: September 16, 2016

Graham C. Mullen
United States District Judge